# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTONIO BARBEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:16CV659 |
| v. | ) 1:11CR156-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court after a jury trial of one count of attempted interference with commerce by robbery ("Count One" or "attempted Hobbs Act robbery"), in violation of 18 U.S.C. §§ 1951(a) and 2, and one count of carrying or using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count Two" or "the § 924(c) conviction"). (Docket Entries 1, 47, 50.) Petitioner received a 72-month sentence for attempted Hobbs Act robbery and a consecutive seven-year (84-month) sentence for the § 924(c) conviction. (Docket Entry 50.) The sentence also included a $200 special assessment ($100 for each count of conviction) and five years of supervised release (three years for Count One and five years for Count Two, all run concurrently). (*Id.*) Petitioner's appeal was unsuccessful. *United States v. Barbee*, 524 Fed. App'x 15 (4th Cir. 2013).

Petitioner then filed the instant motion (Docket Entry 123) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (in which he challenges his conviction under § 924(c) pursuant to *Johnson v. United* States, 135 S. Ct. 2551 (2015)) as well as several additional supporting pleadings (Docket Entries 124 and 140) along with a motion for the appointment

of counsel (Docket Entry 164). The Government has filed a motion to dismiss (Docket Entry 129) and a motion for a continued abeyance (Docket Entry 161). The parties also filed a joint motion requesting further abeyance. (Docket Entry 142.) The Court has also appointed Petitioner counsel for the limited purpose of pursuing relief under *Johnson* and further repeatedly stayed this matter pending the resolution of a number of cases before the Fourth Circuit Court of Appeals and the United States Supreme Court. (Text Orders 7/27/2016, 11/14/2016, 5/17/2018, 3/17/2020.) In June of this year, the Court ordered the Government to brief the impact on this matter of the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). (Text Order 6/23/2022.) The Government responded by conceding that, in light of *Taylor*, "Petitioner's 924(c) conviction should be vacated." (Docket Entry 180 at 2.) The Court will consider the case in light of the Government's concession.[1]

Under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act, a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." Before *Johnson v. United States*, 576 U.S. 591 (2015), a crime was a "violent felony" if it was punishable by imprisonment of more than one year and had "as an element the use, attempted use, or threatened use of physical force against the person of another" or was "burglary, arson,

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. *See Day v. McDonough*, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); *see also Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, *Johnson* invalidated as unconstitutionally vague the "residual clause" of the statute, which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson*, 576 U.S. at 594, 606. Thus, to qualify as a "violent felony," a prior conviction must now come within either the enumerated offenses or the "use of force" clause. *Johnson* applies retroactively on collateral review as to Armed Career Criminals. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

As noted above, Petitioner was convicted of an offense under 18 U.S.C. § 924(c), which also contains a residual clause found in § 924(c)(3)(B), defining "crime of violence" for purposes of that statute. In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court also found that clause unconstitutional based on the reasoning of *Johnson*. *Davis* is retroactive on collateral review as well. *United States v. Reece*, 938 F.3d 630, 633-35 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1097-1101 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). Now, in *Taylor*, the Supreme Court has determined that attempted Hobbs Act robbery does not constitute a crime of violence for purposes of the force clause of § 924(c). *Taylor*, 142 S. Ct. 2015, 2018-2026. Petitioner's §§ 924(c)(1)(A)(ii) and 2 charge and conviction were predicated on attempted Hobbs Act robbery, which no longer qualifies as a crime of violence under the force clause. *Id.* For this reason, as the Government concedes, and the Court agrees, Petitioner's conviction on Count Two (carrying or using a firearm during and in relation to a crime of violence) is no longer valid and should be vacated.

Therefore, based on this determination, and the agreement of the parties that Petitioner is entitled to relief under § 2255, the Court will recommend that Petitioner's motion be granted as to Count Two. As for a remedy, Petitioner's § 924(c) conviction should be vacated, including the term of imprisonment, period of supervised release, and the $100 special assessment. To the extent Petitioner made any payments toward the $100 special assessment for Count Two, those amounts should be returned to him.[2]

The Court has "broad and flexible power" in fashioning a remedy when granting relief on collateral review. *See United States v. Hadden*, 475 F.3d 652, 669-72 (4th Cir 2007). Under *Hadden*, the Court has the authority to set this matter for resentencing to address any remaining sentencing issues. However, the Court also has discretion to instead correct the judgment if the assigned judge is "satisfied with the resulting sentence." *Hadden*, 475 F.3d at 669. This determination is a matter within the discretion of the assigned judge. Therefore, this Court will recommend that Petitioner's conviction as to Count Two be vacated in light of the Government's request. A corrected judgment should be entered leaving the conviction and sentence for Count One unchanged unless the assigned judge is not satisfied with the resulting sentence and determines that a sentencing hearing is appropriate instead.

Additionally, the Government's motion to dismiss (Docket Entry 129) should be denied as moot in light of its concession. The Government's motion (Docket Entry 161), and

---

[2] In order to facilitate that return, the Court will need a mailing address where any refund can be sent. Petitioner should, through counsel, supply to the Clerk's Office an appropriate mailing address. If a final Order is entered vacating Petitioner's conviction, the Clerk's Office will then calculate the amount of any refund that is due and send that amount to the address provided.

4

the parties' separate joint motion (Docket Entry 142), requesting further abeyance are denied as moot in light of the Supreme Court's decision in *Taylor*. Finally, Petitioner's motion for the appointment of counsel is also denied as moot because Petitioner is currently represented by court-appointed counsel. (Docket Entry 164.)

**IT IS THEREFORE ORDERED** that the Government's motion requesting further abeyance (Docket Entry 161), the parties' joint motion (Docket Entry 142) for further abeyance, and Petitioner's motion requesting the appointment of counsel (Docket Entry 164) all be **DENIED**.

**IT IS THEREFORE RECOMMENDED** that the stay in this matter be **LIFTED**, that the Government's motion to dismiss (Docket Entry 129) be **DENIED** as moot, Petitioner's motion (Docket Entry 123) to vacate set aside, or correct sentence be **GRANTED** as to Count Two; that Count Two be vacated (including the 84-month sentence, the five-year period of supervised release, and the $100 special assessment for this count); that any money paid by Petitioner toward the $100.00 special assessment for Count Two be returned or credited to him as set out above; and that a corrected judgment be entered leaving Count One unchanged unless the assigned judge is not satisfied with the resulting sentence.

This, the 12th day of July, 2022.

Joe L. Webster
United States Magistrate Judge